IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARRYL NELSON,

          Plaintiff,

v.

JASON CHATMAN, BRIANNA NOWAK,
KYLE SLAMA, KENNETH CORNELIUS,
CHARLIE BERGREN, and JEFFREY NYUGEN,

          Defendants.

ORDER

17-cv-846-wmc

*Pro se* plaintiff Darryl Nelson, an inmate with the Wisconsin Department of Corrections, incarcerated at Columbia Correctional Institution ("CCI"), was granted leave to proceed against defendants, all employees of the DOC, employed at CCI, on a claim that defendants violated his Eighth Amendment rights by failing to protect him from another inmate. Defendants moved for judgment on the pleadings, relying on plaintiff's failure to respond to defendants' requests for admission, including requests for admission that he suffered no "physical harm" or "injuries" on two occasions central to his failure to protect claims in this case. (Dkt. #28; *see also* Held Decl., Exs. 1, 2 (dkt. ##29-1, 29-2).)[1]

Plaintiff failed to respond to defendants' motion for judgment on the pleadings, nor did he request an extension of time to respond. By failing to respond to defendants' discovery requests and motion for judgment on the pleadings, it appears plaintiff may have

---

[1] Without reaching the merits of defendants' motion, the court notes that even if a plaintiff was not physically attacked and did not suffer physical injuries, this does not necessarily foreclose a claim. *See, e.g.*, *Turner v. Pollard*, 564 Fed. Appx. 234, 238–39 (7th Cir. 2014) (plaintiff with failure-to-protect claims could recover nominal and punitive damages even though he was not attacked); *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) ("Prison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights, [and may be liable for] nominal and . . . punitive damages.").

abandoned this lawsuit. Accordingly, the court will give Nelson one chance to keep his claims alive: not later than February 20, 2020, Nelson must (1) respond to defendants' motion for judgment on the pleadings and (2) return a signed medical records release to defendants' attorney. Nelson's failure to follow these directives will likely cause the court to dismiss this lawsuit for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Accordingly,

IT IS ORDERED that plaintiff Darryl Nelson may have until February 20, 2020, to file a response to defendants' motion for judgment on the pleadings and return a signed medical records release to defendants' attorney. **If Nelson does not respond by that date, the court will dismiss Nelson's claims with prejudice under Federal Rule of Civil Procedure 41(b) for Nelson's failure to prosecute it.**

Entered this 6th day of February, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge